UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WARREN TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO.     1:21-CV-268 |
| 3M COMPANY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, Warren Turner ("Plaintiff"), by counsel, hereby brings this action against the Defendant, the 3M Company ("Defendant"), alleging that Defendant has violated his rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Age Discrimination in Employment Act, 29 U.S.C. § 626(c) ("ADEA").

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times, Plaintiff has resided within the Southern District of Indiana, Indianapolis Division.

2. Defendant is a corporation that operates and conducts business within the Southern District of Indiana, Indianapolis Division.

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1981, 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 626(c).

1

4. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of that term under Title VII, 42 U.S.C. § 2000e(f) and the ADEA, 29 U.S.C. § 630(f).

5. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of that term under Title VII, 42 U.S.C. § 2000e(b), and the ADEA 29 U.S.C. § 630(b).

6. Plaintiff has satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff received his "Dismissal and Notice of Rights" ("Notice") from the EEOC regarding his Charge, evidencing his right to sue in federal court, and now timely files this lawsuit within ninety (90) says after receipt of said Notice.

7. All of the events, transactions and occurrences giving rise to this lawsuit occurred within the geographical environs of the Southern District of Indiana, Indianapolis Division, and all parties are located therein.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Turner began working for Defendant in 2010 as Packaging Specialist.

10. Turner is a black male, 56 years old.

11. At all times relevant, Turner met or exceeded Defendant's legitimate performance expectations.

12. In September 2019, David Glover ("Glover") a white male who is substantially younger than Turner, became Turner's supervisor. Glover immediately required Turner to put together a weekly "call plan" which prevented him from servicing customers, as well as make a specific report of his administrative time.

13. These additional duties or requirements were not part of Turner's job description, and other similarly-situated, non-black or substantially younger employees were not given these additional requirements.

14. Glover's communication with Turner was extremely poor, and he filed an internal "Ethics Point" complaint with Defendant on September 27, 2019. Among Turner's complaints was that Glover was not supporting him in his position; Turner would call or e-mail Glover and get no responses on time-sensitive matters.

14. Turner spoke with Defendant's internal investigator regarding his ethics complaint on October 25, 2019 and followed up with an email on October 28, 2019. Turner's email outlined the disparate treatment he was being subjected to, and constitutes statutorily-protected activity.

15. Glover continued his scrutiny of Turner, to the point of reprimanding him over an expensed dinner while traveling.

16. In February 2020, Glover gave Turner a poor performance review for 2019 and placed him on a Performance Improvement Plan ("PIP").

17. Turner filed another Ethics Point complaint on February 14, 2020, and also filed a Charge of Discrimination with the EEOC. These complaints constitute statutorily-protected activity.

18. Throughout 2020, Glover continued to scrutinize Turner's work, including calling distributors Turner was working with to inquire about what Turner was doing, and manipulating Turner's sales numbers to make him appear he was performing worse than he was.

19. On October 27, 2020, Turner filed a second charge with the EEOC, alleging disparate treatment in the terms and conditions of employment and disparate application of discipline due to his age and/or race, and in retaliation for his earlier complaints. Turner's EEOC Charge constitutes protected activity.

20. Defendant's Ethics Point investigator, Katina Lane-Fomby told Turner in November 2020 that his complaint would not be substantiated.

21. On December 2, 2020, Defendant terminated Turner.

22. Katina told Turner he would be retired beginning January 1, 2021, due to his age.

23. Turner has suffered damages as a result of Defendant's adverse actions towards him.

24. All proffered, non-discriminatory reasons for the adverse employment actions Defendant has taken against Plaintiff are pretextual.

## COUNT I – RACE DISCRIMINATION

### TITLE VII

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) above as if the same were set forth at length herein.

25. Defendant took adverse employment actions against Plaintiff based on his race, in violation of Title VII.

26. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT II – RACE DISCRIMINATION

## SECTION 1981

28. Plaintiff hereby incorporates paragraphs one (1) through twenty-seven (27) above as if the same were set forth at length herein.

25. Defendant took adverse employment actions against Plaintiff based on his race, in violation of Title VII.

26. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III – RETALIATION – TITLE VII

28. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) above as if the same were set forth at length herein.

29. Defendant took adverse employment actions against Plaintiff based on his statutorily-protected activity in violation of Title VII when it terminated his employment.

30. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under Title VII.

## COUNT IV – RETALIATION – SECTION 1981

32. Plaintiff hereby incorporates paragraphs one (1) through thirty-one (31) above as if the same were set forth at length herein.

33. Defendant took adverse employment actions against Plaintiff based on his statutorily-protected activity in violation of Section 1981 when it terminated his employment.

34. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under Section 1981.

## COUNT V – AGE DISCRIMINATION

### ADEA

36. Plaintiff hereby incorporates paragraphs one (1) through thirty-five (35) as if the same were set forth at length herein.

37. Defendant took adverse employment actions against Plaintiff based on his age when it terminated his employment, in violation of the ADEA.

38. Other, similarly situated employees who are substantially younger than Plaintiff were treated more favorably than Plaintiff and were not subjected to the same adverse actions as Plaintiff.

39. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under the ADEA.

## COUNT VI – RETALIATION

### ADEA

41. Plaintiff hereby incorporates paragraphs one (1) through forty (40) as if the same were set forth at length herein.

42. Defendant took adverse employment actions against Plaintiff based on his statutorily-protected activity in violation of the ADEA when it terminated his employment.

43. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under the ADEA.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff, Warren Turner, by counsel, respectfully requests that the Court find for him and order that:

1. Defendant reinstate Plaintiff to his same position, salary and seniority as prior to his termination or pay front pay and benefits to him in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory damages to Plaintiff;

4. Defendant pay liquidated damages to Plaintiff;

5. Defendant pay punitive damages to Plaintiff;

6. Defendant pay pre- and post-judgment interest to Plaintiff on all recoverable sums;

7. Defendant pay Plaintiff's reasonable attorneys' fees and costs incurred in litigating this action; and

8. Defendant pay to Plaintiff any and all other legal and/or equitable damages this Court deems just and proper to grant.

Respectfully submitted,

*Christopher L. Cassidy*
Christopher L. Cassidy, #22837-32
Eric J. Hartz, #29676-49
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Suite 200
Indianapolis, IN 46220
Telephone:   (317) 388-5424
Facsimile:    (317) 947-1863
Email: chris@clcattorneys.com
           eric@clcattorneys.com

Attorneys for Plaintiff
Warren Turner


## DEMAND FOR JURY TRIAL

The Plaintiff, Warren Turner, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Christopher L. Cassidy*
Christopher L. Cassidy, #22837-32